**Dated: February 28, 2008**
**The following is ORDERED:**



_____
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

THOMAS BARTON LEAHEY             Case No. 07-80770
a/k/a THOMAS BARTON LEAHEY D.O.     Chapter 7
d/b/a THE ARTHRITIS CENTER and
TERESA LEE LEAHEY

         Debtors.

### O R D E R

On the 20th day of February, 2008, the Motion to Approve Compromise, filed by Gerald R. Miller, Chapter 7 Trustee ("Trustee"), and Objection to Motion to Approve Compromise, filed by ASD Specialty Company ("ASD"), came on for evidentiary hearing. Appearances were entered by Robert Inglish, Attorney for ASD and Gerald R. Miller, Trustee. After reviewing the evidence and testimony, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

Debtors filed for relief under Chapter 7 of the Bankruptcy Code on July 12, 2007. Debtor Thomas Leahey is a physician practicing at the Geriatric Center of Southern Oklahoma, PC

("Corporation") and is also the sole shareholder of the Corporation. The Debtor's stock interest in the Corporation is part of the bankruptcy estate. The Corporation is not in bankruptcy.

The Trustee reached a settlement with the Debtor whereby the Debtor agreed to pay $12,500.00 to the estate for the value of the Debtor's interest in the Corporation. Upon receipt of $12,500.00[1] and approval of the Motion, the Trustee agreed to abandon his interest in all assets of the Corporation.

ASD's Amended Proof of Claim shows an unsecured claim in the amount of $288,270.09, making it the largest unsecured creditor in this bankruptcy. ASD objects to the Motion, stating that the proposed payment amount of $12,500.00 does not appear to adequately reflect the value of the business. ASD also asserts that the Debtor has several items of expensive equipment and that the business may have goodwill value.

Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides:

**(a) Compromise.** On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a). A bankruptcy court's decision to approve a settlement must be "an informed one based upon an objective evaluation of developed facts." *Reiss v. Hagmann,* 881 F.2d 890, 892 (10th Cir. 1989). In considering the compromise, it is appropriate for this Court to consider the following:

1. The probable success of the underlying litigation on the merits;

2. The possible difficulty in collection of a judgment;

---

[1] The Trustee stated at trial that Debtor has already paid $12,500.00 to the estate and the money is being held by the Trustee pending an order from this Court.

2

  3. The complexity and expense of the litigation; and

  4. The interests of creditors in deference to their reasonable views.

*In re Kopexa Realty Venture Co.,* 213 B.R. 1020, 1022 (10th Cir. BAP 1997).

  This Court heard testimony from Debtor Teresa Leahey regarding the finances and assets of the Corporation. Mrs. Leahey is the office manager of the Corporation and is familiar with the accounts receivable. Mrs. Leahey testified as to software difficulties and problems in generating an accurate computer statement reflecting the value of the accounts receivable. The latest figure representing the value of the accounts receivable provided by the Debtors is $65,167.75. Mrs. Leahey stated that this figure represents their best estimate of the value of the accounts receivable as of the bankruptcy filing date.

  Mrs. Leahey also testified as to the value of the office equipment owned by the Corporation. The Corporation leases its medical equipment. There are three vehicles owned by the Corporation: a 2003 GMC Sierra, a 2005 GMC Yukon and a 2003 Lexus. The Sierra is damaged and the Yukon and Lexus have liens that exceed the value of the vehicles.

  The Court also heard testimony from the Trustee. The Trustee testified as to the reasoning and rationale behind the decision to settle with the Debtors for $12,500.00. Trustee's Exhibit 1 supports the Trustee's position. As presented in Exhibit 1, the approximate value of the Corporation is $12,104.86 after adjusting for a bank lien, the vehicle liens and vehicle damage.

  This Court finds the testimony of the Trustee and of Mrs. Leahey to be credible, and further finds that the proposed settlement is in the best interest of the estate and the creditors. Therefore, this Court finds that the Trustee's Motion should be granted.

  IT IS THEREFORE ORDERED that the Motion to Approve Compromise, filed by the

Case 07-80770 Doc 78 Filed 02/28/08 Entered 02/28/08 10:11:21 Desc Main
Document  Page 3 of 4

Trustee, is **granted.**

###

Case 07-80770    Doc 78    Filed 02/28/08    Entered 02/28/08 10:11:21    Desc Main
Document      Page 4 of 4